**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**TANIA HIGDON and MARK HIGDON,**                                **PLAINTIFFS**
**HUSBAND AND WIFE**

**V.**                                **CASE NO. 3:19-CV-3043**

**CLINTON BARTLETT**                                **DEFENDANT**

## OPINION AND ORDER

Defendant Clinton Bartlett removed the above-captioned case to this Court on June 20, 2019, after Plaintiffs Tania and Mark Higdon brought suit against him in the Circuit Court of Carroll County, Arkansas, on March 13, 2019. Defendant asserts that the Court may exert federal subject matter jurisdiction over the case pursuant to 28 U.S.C. §1332(a)(1), due to the complete diversity of citizenship of the parties and the satisfaction of the minimum amount in controversy.[1] On June 21, 2019, Plaintiffs filed a Motion to Remand to State Court (Doc. 6), arguing that all parties were citizens of Arkansas, so there was no diversity of citizenship. Defendant filed a Response in Opposition to the Motion (Doc. 9), and Plaintiffs filed a Reply (Doc. 11). Having reviewed the parties' briefing, the Court **DENIES** the Motion for the reasons explained below.

In order to establish federal subject matter jurisdiction on the basis of complete diversity of citizenship, the party seeking the federal forum must demonstrate by a preponderance of the evidence that the citizenship of each plaintiff is diverse from that of each defendant. *Blakemore v. Mo. Pac. R.R.*, 789 F.2d 616, 618 (8th Cir. 1986). Diversity

---

[1] The amount in controversy for diversity jurisdiction must exceed $75,000. According to the Complaint, Plaintiffs' damages exceed $325,000. (Doc. 4 at 11).

of citizenship is to be determined at the time the complaint is filed, and not when the cause of action arose. *Id.* (citing *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962)). "State citizenship, for diversity purposes, requires an individual's presence in the state, coupled with an indefinite intention there to remain." *Id.* at 618.

In the instant case, Defendant has provided evidence that he was physically present and living in Arizona—and not in Arkansas—at the time the lawsuit was filed in March of 2019, and that he intends to remain in Arizona indefinitely. The first piece of evidence he offers is his proof of voter registration in Arizona. *See* Doc. 9-4. Defendant has been assigned a unique voter identification number associated with his residential address at 3715 E. Mountain View Road in Maricopa County, Arizona. Next, Defendant has provided the Court with his personal property tax records for Carroll County, Arkansas, which list his taxpayer address in Arizona. (Doc 9-3). Third, he has produced an Arizona driver's license, which was issued on August 28, 2018, more than six months prior to the filing of the Complaint. (Doc 9-2). Finally, he has prepared a sworn affidavit that attests to his physical presence in Arizona at the time the Complaint was filed and his intention to remain there "for the foreseeable future." (Doc 9-1). [2]

The Plaintiffs offer several arguments to support their claim that Defendant's proof of Arizona citizenship is insufficient. First, they point out that Defendant was personally served with the Complaint in Eureka Springs, Arkansas, at a business that he owns and for which he serves as registered agent for service of process. However, Plaintiffs fail to cite to any case law that would indicate that the place where a defendant is personally

---

[2] Defendant's affidavit also states that he is currently employed by People Empowering People of AZ, an Arizona corporation.

served is somehow determinative of his citizenship for diversity purposes. Plaintiffs' next argument is that Defendant held Arkansas driver's licenses in 1994, 1996, 1999, and, most recently, in June of 2018. However, the only relevant date here is the date of issuance of Defendant's driver's license in Arizona: August 28, 2018. The Arizona license post-dates the most recent Arkansas license and pre-dates the filing of the Complaint. Moreover, Defendant's affidavit fills in the gaps and explains that he moved from Arizona to Arkansas in May or June of 2018, but after finding he could not receive the medical care he liked here, he moved back to Arizona in July or August of 2018. (Doc. 9-1).

Finally, Plaintiffs make much of the fact that Defendant has not formally cancelled his voter registration in Arkansas after registering to vote in Arizona. Obviously, one cannot legally vote in two states, and the fact that Defendant has not yet removed himself formally from Arkansas' voter rolls does not mean he remains a citizen of Arkansas. The Court is persuaded that Defendant has established he is a citizen of Arizona by a preponderance of the evidence. Accordingly, diversity of citizenship is satisfied, and the Court retains subject matter jurisdiction over this case.

**IT IS THEREFORE ORDERED** that Plaintiffs Tania and Mark Higdon's Motion to Remand (Doc. 6) is **DENIED**.

**IT IS SO ORDERED** on this _24th_ day of July, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3